**FARREL–BIRMINGHAM COM-
PANY, Inc.,
v.
The UNITED STATES.
No. 598–52.**

United States Court of Claims.
Nov. 2, 1954.

N. Barr Miller, Washington, D. C., for plaintiff. J. Marvin Haynes, Haynes & Miller, Washington, D. C., Julius G. Day, Jr., Hartford, Conn., F. Eberhart Haynes and Oscar L. Tyree, Washington, D. C., were on the briefs.

J. W. Hussey, Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe and Lee A. Jackson, Washington, D.C., were on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

In our decision of June 8, 1954, we interpreted Section 710(a) (1) (B) of the Internal Revenue Code, 26 U.S.C.A. § 710(a) (1) (B), as requiring a corporation taxpayer which made the election permitted by Section 736(b), to recompute its surtax net income as if its regular method of computation of its income was based upon percentage of completion of its contracts. We did not quote Section 736(b) in our former opinion. We now quote it, omitting irrelevant parts:

"(b) Election on long-term contracts. In the case of any taxpayer computing income from contracts the performance of which requires more than 12 months * * * it may elect, in its return * * * for the purposes of this subchapter * * *, to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, such income upon the percentage of completion method of accounting. Such election shall be

made in accordance with such regulations * * *."

We said that the language of Section 736(b) required the taxpayer, which elected to take advantage of the section, to compute, not merely its excess profits income, but its income, upon the percentage of completion method, *for the purposes of this subchapter,* which subchapter included Section 710(a) (1) (B). In the presentation of this case before our former decision, the only point argued by the parties was whether the recomputation required by Section 736(b) applied to the surtax net income, which by Section 710(a) (1) (B) was made the basic amount upon which the excess profits tax was to be computed. The plaintiff urged that the surtax net income referred to in Section 710(a) (1) (B) was the surtax net income upon which its surtax had actually been computed, and not a hypothetical surtax net income produced by a recomputation based upon a percentage of completion method of computation. The Government urged the contrary, and we concluded that the Government was right.

The plaintiff, in support of its motion for a rehearing, makes the same contention which it made before. But it also presents an alternative contention. It says that if we persist in our former view, that Section 736(b) requires a recomputation of the surtax net income, which is a basic factor in the Section 710(a) (1) (B) computation, by the same logic it requires a recomputation of the "tax imposed for the taxable year under Chapter 1" (the corporation's normal and surtax), which is also a factor in the computation of the excess profits tax under Section 710(a) (1) (B).

Our former decision was that it was right for the Commissioner of Internal Revenue to recompute the plaintiff's surtax net income upon the percentage of completion method of accounting, thereby obtaining a figure $1,419,611.37 higher than the one on which the plaintiff had actually paid its surtax. Since Section 710(a) (1) (B) imposed an excess profits tax of an amount which, when

added to the Chapter 1 taxes (normal and surtax) would constitute 80% of the surtax net income, and since the Chapter 1 taxes actually paid, amounting to $226,981.31, had already been deducted in the plaintiff's own computation, the Commissioner in fact taxed the $1,419,611.37 which he added to the surtax net income, at 80%. The resulting addition to the tax on this account was $1,135,689.10.

The plaintiff says that the $1,419,611.37 which was added to its income by the percentage of completion computation, and on which it was taxed at 80% in 1943, will appear again in 1944 or some subsequent year in which it has completed the pertinent contracts as income under its regular method of accounting, the completed contract method. It will then, under Chapter 1, have to pay the normal tax and the surtax on this amount. Those taxes together amount to 40%. It will then have been taxed a total of 120% upon the $1,419,611.37. The plaintiff says that this is an injustice. We think even the most hardened publican would feel constrained to agree.

The plaintiff suggests, in its alternative contention, that a way for us to eliminate the injustice is to be consistent in our interpretation of the application of Section 736(b) to Section 710(a) (1) (B). If, as we formerly decided, the surtax net income mentioned in Section 710(a) (1) (B) is not the actual surtax net income used by the plaintiff in computing its surtax, but a recomputed surtax net income, why is not "the tax imposed for the taxable year under Chapter 1", to be similarly recomputed? We have said that Section 736(b) requires that for the purposes of the excess profits tax subchapter the taxpayer compute its income on the percentage of completion method. If it had done so, it would have computed normal and surtaxes on the additional $1,419,611.37 at the 40% rate, and would thus have had a large additional amount to deduct from the 80% of its recomputed surtax net income. Then only 60% of the $1,419,611.37

would be taxed at the 80% rate. When the $1,419,611.37 actually came into the plaintiff's income, on the basis of its completed contract method of accounting, in some subsequent year, it would be taxed at the 40% normal and surtax rate.

We have only vague ideas as to how this complex law would work out for the plaintiff in the long run. It will be remembered that, once a corporation had made the Section 736(b) election, the elected method of computation was carried back to the beginning of the excess profits tax years, and had to be adhered to for all subsequent excess profits tax years. The plaintiff made the election, faced with a Treasury Regulation interpreting the statute in a way which the plaintiff now claims to have been to its disadvantage, for the year 1943. It must, when it made its election, have seen advantages which would flow to it from the readjustment of its computations for prior years, and from the application of the elected method of computation in subsequent years. The record before us gives us no idea what those advantages may have been. We have only the text of the statutes, and the demonstrated example of what seems to us to be a hardship as to one application of the statutes, to work with.

The plaintiff's alternative contention is new, and somewhat striking, but we think it is reasonable. We quote again Section 710:

"§ 710. Imposition of tax

"(a) Imposition.

"(1) *General rule.* There shall be levied, collected, and paid, for each taxable year, upon the adjusted excess-profits net income, as defined in subsection(b), of every corporation (except a corporation exempt under section 727) a tax equal to whichever of the following amounts is the lesser:

"(A) 90 per centum of the adjusted excess profits net income, or

"(B) an amount which when added to the tax imposed for the tax-able year under Chapter 1 (other than section 102) equals 80 per centum of the corporation surtax net income, computed under section 15 or Supplement G, as the case may be, but without regard to the credit provided in section 26(e) (relating to income subject to the tax imposed by this subchapter) * * *."

A consistent application of the idea that Section 736(b) requires a computation of a hypothetical surtax net income would, in the context, also require a computation of a hypothetical Chapter 1 normal and surtax, "for the purposes of this [the excess profits tax] subchapter".

In the Excess Profits Act of 1950, Congress, in what is Section 430(a) (2) (A) of the Internal Revenue Code, 26 U.S.C.A. § 430(a) (2) (A), expressly provided for the hypothetical recomputation of the normal tax and surtax as well as the normal tax and surtax net incomes, in situations such as the one before us. This is evidence of the logic and the equity of our conclusion.

In our former opinion we cited and, to a degree, relied upon Treasury Regulations 112, Section 35.736(b)–3, as amended by T.D. 5388, 1944 Cum.Bull. 387, applicable to Section 736(b) of the Internal Revenue Code. We pointed out that the regulation expressly provided for the recomputation, for Section 710(a) (1) (B) purposes, of the surtax net income on the percentage of completion basis. We did not point out, because the then contentions of the parties made it irrelevant, that the regulation also said:

"* * * the normal tax and surtax shall be the actual normal tax and surtax determined under Chapter 1."

By our present decision, we are nullifying that part of the regulation. We think it is inconsistent with the statute, and with the other part of the same regulation, which other part we approved in our former decision.

**300**

We adopt the plaintiff's alternative contention. The plaintiff's motion for a rehearing is granted, and our former decision is modified to accord with this opinion. Our former conclusion of law is vacated. The plaintiff is entitled to recover, with interest as provided by law. Entry of judgment is suspended to await the filing by counsel of a stipulation showing the amount due, pursuant to this opinion.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration or decision of this case.