**Elizabeth B. JONES, as Executrix of the Estate of Carl T. Jones, Deceased,**

v.

**The UNITED STATES.**

No. 160-74.

United States Court of Claims.

April 20, 1977.

Louis Salmon, Huntsville, Ala., attorney of record, for plaintiff; Watts, Salmon, Roberts, Manning & Noojin, Huntsville, Ala., of counsel.

Kenneth R. Pike, Washington, D.C., with whom was Acting Asst. Atty. Gen., Myron C. Baum, Washington, D.C., for defendant; Theodore D. Peyser, Jr., and Robert S. Watkins, Washington, D.C., of counsel.

Before DAVIS, SKELTON and KASHIWA, Judges.

ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

KASHIWA, Judge:

This tax refund action involving the timeliness of an I.R.C. § 754 election to adjust the basis of partnership property as provided by I.R.C. § 743(b) is properly before the court on cross motions for summary judgment.[1] Upon consideration of each party's brief with Stipulation of Facts, after oral argument, we agree with the defendant that the decedent's estate in com-

---

1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954.

puting its distributive share of income from two partnerships in which decedent was interested is not entitled to use a stepped-up basis in the partnership assets. The partnerships failed timely to elect the basis adjustment in the returns filed for the taxable years of the partnerships in which decedent's partnership interests were transferred to his estate upon his death. We, therefore, allow defendant's cross motion for summary judgment.

Decedent, Carl T. Jones, died on October 7, 1967. At the time of his death, decedent was a partner in three firms located in Huntsville, Alabama: G. W. Jones & Sons; Carl T. Jones and Raymond B. Jones; and Jones, Ryan & Blackwell.

At the time of decedent's death, no election under § 754[2] to adjust the basis of partnership property under §§ 734(b) or 743(b) was in effect for any of the above-named partnerships.[3]

The three partnerships, each on a calendar year basis, timely filed income tax returns for the calendar years 1967 and 1968. These returns did not contain an election under § 754, nor was there on or attached to these returns a special depreciation schedule attributable to decedent's interests in the partnerships. All partnership depreciation schedules were regular continua-

tions of original cost amounts with no reference to the death of Carl T. Jones.

The Estate of Carl T. Jones succeeded to decedent's partnership interests. The estate retained a member of the Appraisal Institute to appraise the real property of the three partnerships. The appraisals, dated August, September, October and December 1968, valued the total real estate holdings, about 63 parcels, at $3,508,745.55. The appraised values of the real property were used in the estate tax return for the Estate of Carl T. Jones, which was filed on January 6, 1969.[4]

On August 20, 1969, a § 754 election to adjust the basis of partnership property under §§ 734(b) and 743(b) was filed by the two then existing partnerships, G. W. Jones & Sons and Carl T. Jones and Raymond B. Jones.[5] The election, which did not accompany either a partnership return or an amended return, indicated it was to apply to the calendar year 1967 and each subsequent year. Between October 7, 1967, decedent's date of death, and August 20, 1969, the date on which the elections were filed, no extension of time to file an election under § 754 was ever requested by or granted to the partnerships or the estate.

The Estate of Carl T. Jones timely filed fiduciary income tax returns for the fiscal

**2.** SEC. 754. MANNER OF ELECTING OPTIONAL ADJUSTMENTS TO BASIS OF PARTNERSHIP PROPERTY.

"If a partnership files an election, in accordance with regulations prescribed by the Secretary or his delegate, the basis of partnership property shall be adjusted, in the case of a distribution of property, in the manner provided in section 734 and, in the case of a transfer of a partnership interest, in the manner provided in section 743. Such an election shall apply with respect to all distributions of property by the partnership and to all transfers of interests in the partnership during the taxable year with respect to which such election was filed and all subsequent taxable years. Such election may be revoked by the partnership, subject to such limitations as may be provided by regulations prescribed by the Secretary or his delegate."

**3.** The basis of partnership assets is not affected by the death of a partner. To be consistent with the concept that property owned by a decedent receives a stepped-up basis equal to its fair market value at the date of death or at

the optional valuation date (§ 1014(a)), § 754 permits the partnership under § 743 an elective adjustment to the basis of the partnership property. This adjustment will affect the basis of the partnership assets only for the heir of the deceased partner and not for the other partners. However, if the partnership does not make the election, an heir's basis for partnership assets remains the same as the partnership's and is not increased to reflect the higher estate tax value of the inherited partnership interest.

**4.** On audit the Internal Revenue Service accepted the estate's appraised whole values of the partnerships' real property, although the Internal Revenue Service made certain adjustments concerning discounts which were accepted by the estate.

**5.** The partnership of Jones, Ryan & Blackwell had been dissolved by agreement on May 16, 1969.

years October 31, 1968; October 31, 1969; and October 31, 1970. By schedule attached to each return, the estate claimed additional depreciation deductions on assets held by the partnerships of Carl T. Jones and Raymond B. Jones and G. W. Jones & Sons; it also claimed additional deductions for increased basis in partnership assets—cattle— which were sold by G. W. Jones & Sons. These additional deductions were attributable to the estate taking a stepped-up basis in the partnership property.

The Internal Revenue Service, upon audit of the estate's fiduciary income tax returns, disallowed the additional deductions attributable to the adjustments to basis of the partnership property. The Service determined that the § 754 elections were not timely filed based upon Treas. Reg. § 1.754–1(b) and assessed income tax deficiencies totaling $43,363.86 for fiscal years ended October 31, 1968, 1969 and 1970. The plaintiff made payments of the assessed deficiencies, plus interest, totaling $50,937.22, to the Internal Revenue Service. The estate filed timely claims for refund; after such claims were not acted upon by the Internal Revenue Service for more than six months after the date of filing, the estate filed the instant suit.

Basically, plaintiff contends that Treas. Reg. 1.754–1(b) did not give the partnerships a sufficient amount of time to appraise the numerous parcels of real property which appraisals would afford the partnerships the facts to make an intelligent decision whether to elect the optional adjustment to basis of partnership property. To plaintiff the regulation is "patently unreasonable and clearly punitive in nature," is "out of harmony with the statute," and "as such is a nullity and void." Therefore, plaintiff argues, the elections filed by the partnerships were in accordance with the statute and are valid retroactively to the year ending December 31, 1967. Alter-

natively, plaintiff contends that if the court finds the elections not retroactive to the partnerships' taxable year 1967, the elections should be valid for those years subsequent to the date of filing, which for those years would entitle plaintiff to use a stepped-up basis in the partnership assets.

On the other hand, defendant argues that pursuant to an express grant of authority contained in § 754, the Secretary promulgated Treas. Reg. 1.754–1(b), which prescribes a reasonable time frame within which a partnership must act to elect the optional basis adjustment. Since the partnerships in which decedent was interested did not make timely elections under § 754, defendant argues that the plaintiff is not entitled to the benefit of an optional adjustment to basis in the partnerships' property. With relation to plaintiff's argument that this court should give prospective effectiveness, if not retroactive effectiveness, to the elections filed on August 20, 1969, the defendant contends that an election which is not valid for the taxable year of the transfer is also not valid for subsequent years.

We are, therefore, confronted with the ultimate question of whether an election under § 754 to adjust the basis of a decedent's interest in partnership assets was valid when filed on August 20, 1969, rather than by April 15, 1968, when the first partnership return was due to be filed for the taxable year of the partnership in which decedent's partnership interests were transferred to his estate. This issue requires that we first examine Treas. Reg. § 1.754–1(b) to determine whether that regulation to the extent of the time filing provision is invalid, *viz.* whether it is inconsistent with the statute upon which it is based or whether it is unreasonable.

The optional adjustment to basis of partnership property on transfer of a partnership interest is specifically conditioned on the filing of an election under § 754.[6] The

6. SEC. 743. OPTIONAL ADJUSTMENT TO BASIS OF PARTNERSHIP PROPERTY.

"(a) *General Rule.*—The basis of partnership property shall not be adjusted as the result of a transfer of an interest in a partnership by sale

or exchange or on the death of a partner unless the election provided by section 754 (relating to optional adjustment to basis of partnership property) is in effect with respect to such partnership."

election applies both to § 734(b), on distribution of partnership property, and to § 743(b), on transfer of a partnership interest. Unless the election is revoked, the § 754 election applies to all distributions and to all transfers of partnership interests made during the year for which the election is made and in all subsequent years.[7]

Congress by § 754 has delegated to the Secretary specific authority to "legislate" in this area.[8] Pursuant to this express grant of authority, in 1956 the Secretary promulgated Treas. Reg. § 1.754–1(b)[9] which provided that the § 754 election to adjust basis had to be filed with the partnership return for the first taxable year to which the election applies. In Rev. Rul. 57–347,[10] the Service stated that the election need not be made before the occurrence of an unforeseen event, such as death of a partner, which would make the election operative. Effective October 2, 1972, the above regulation was amended by T.D. 7208,[11] which

clarified the Service's interpretation of the time for making the election under § 754. As amended, Treas. Reg. § 1.754–1(b) provides that the election under § 754 " * * shall be made in a written statement filed with the partnership return for the taxable year during which the distribution or transfer occurs." There is nothing in the amended regulation to indicate that it is not applicable to the years involved herein.[12] Hence, from 1956 to the present, the position of the Internal Revenue Service consistently has been that in order for the optional basis adjustment election to be effective as to a transferee partner who acquired a partnership interest on the death of a partner, the election must be filed by the partnership with a timely return for the taxable year in which the transfer occurs.

The regulatory requirement that the election to adjust basis of partnership property, to be effective, must be filed for the taxable year of the partnership in which a

---

* * * * * *

SEC. 734. OPTIONAL ADJUSTMENT TO BASIS OF UNDISTRIBUTED PARTNERSHIP PROPERTY.

"(a) *General Rule.*—The basis of partnership property shall not be adjusted as the result of a distribution of property to a partner unless the election, provided in section 754 (relating to optional adjustment to basis of partnership property), is in effect with respect to such partnership."

* * * * * *

7. I.R.C. § 754, see note 2, *supra.*

8. Congress can and frequently does specifically authorize the Secretary to implement a tax statute by promulgating regulations. We refer to these regulations as "legislative" type regulations, as opposed to "interpretive" regulations.

9. T.D. 6175, 1956–1 C.B. 211.
§ 1.754–1 *Time and manner of making election to adjust basis of partnership property.*
* * * * * *
"(b) *Method of making election.* An election under this section to adjust the basis of. partnership property under sections 734(b) and 743(b) shall be made in a written statement filed with the ·partnership return for the first taxable year to which the election applies (or before August 23, 1956). The statement shall (1) set forth the name and address of the partnership making the election, (2) be signed by any one of the partners, and (3) contain a

declaration that the partnership elects to apply the provisions of section 734(b) and section 743(b)." * * *
* * * * * *

10. Rev.Rul. 57–347, 1957–2 C.B. 365.

11. T.D. 7208, 1972–2 C.B. 396.
§ 1.754–1 *Time and manner of making election to adjust basis of partnership property.*
* * * * * *
"(b) *Time and method of making election.* (1) An election under section 754 and this section to adjust the basis of partnership property under sections 734(b) and 743(b), with respect to a distribution of property to a partner or a transfer of an interest in a partnership, shall be made in a written statement filed with the partnership return for the taxable year during which the distribution or transfer occurs. For the election to be valid, the return must be filed not later than the time prescribed by paragraph (e) of § 1.6031–1 (including extensions thereof) for filing the return for such taxable year (or before August 23, 1956, whichever is later)."
* * *
* * * * * *

12. SEC. 7805. RULES AND REGULATIONS.
* * * * * *
"(b) *Retroactivity of Regulation or Rulings.*—The Secretary or his delegate may prescribe the extent, if any, to which any ruling or regulation, relating to the internal revenue laws, shall be applied without retroactive effect."

transfer of an interest in the partnership occurs, finds support in the legislative history of § 754. Section 743 as initially proposed contained a subsection (d) which provided that a partnership could make an election under § 743 by filing a statement of election with its return for the taxable year in which the partnership interest is transferred.[13] The Senate Finance Committee replaced this subsection with the present § 754 and in removing from the statute the specifications for making the election, it authorized the Secretary to promulgate regulations governing the manner of election.[14] As a result, Treas. Reg. § 1.754–1(b), in view of its legislative history, is not "clearly contrary to the will of Congress."[15] Therefore, we do not find that the regulation in issue is plainly inconsistent with the statute.

Nevertheless, the plaintiff asserts that the regulation is unreasonable by requiring that the election be made in the year the transfer upon death occurs, since the value of the partnership interest is not likely to be finally determined in the year of death. In the instant case, plaintiff alleges that the partnerships had insufficient time in which to gather the facts essential for them to make the determination as to whether an election should be made; "as soon as the partnerships had sufficient information to make an informed and intelligent decision that the election was necessary," plaintiff contends that the elections were filed. However, the facts do not fully support plaintiff's contentions.

In the instant case, Carl T. Jones died on October 7, 1967. The partnerships involved herein filed federal income tax returns on a calendar year basis. Their returns for 1967 were due to be filed on or before April 15,

1968, and were timely filed without extension. Thus, the partnerships had over six months to determine whether they wished to file elections under § 754, even without requesting any extension of time.[16] However, it should be noted that the stipulated facts indicate that no requests for extensions of time to file the partnership returns or to make the elections were ever made. In addition, the deductions claimed on the plaintiff's fiduciary income tax returns for the years in suit are of two types—additional basis in cattle sold and additional depreciation deductions on real estate. With respect to the cattle, the plaintiff was able to secure an appraisal within one week of decedent's death. Concerning the additional depreciation deductions, copies of the partnerships' 1967 returns show that the bulk of depreciable assets held by the partnerships had substantially reduced adjusted bases in the hands of the partnerships due to previous depreciation deductions. This should have indicated that a § 754 election might have been beneficial with respect to such depreciable assets. Nevertheless, assuming that a formal appraisal of the partnerships' assets was necessary in order to make the elections, plaintiff has offered no satisfactory explanation as to why the appraisals could not have been completed within six months from decedent's death. Finally, plaintiff's statement that the elections were filed "as soon as the partnerships had sufficient information to make an informed and intelligent decision that the election was necessary" seems erroneous. The initial fiduciary income tax return for decedent's estate was filed on February 10, 1969, and claimed the additional deductions for depreciation and for increased basis in cattle which are here in dispute. Thus, by February 10, 1969, plaintiff clearly had all neces-

---

13. H.R. 8300, 83d Cong., 2d Sess. (1954).

14. S.Rep.No. 1622, 83d Cong., 2d Sess. 406 (1954); 3 U.S.Code Cong. & Admin.News, pp. 4621, 5048 (1954).

15. *Comm'r v. South Texas Lumber Co.*, 333 U.S. 496, 503, 68 S.Ct. 695, 92 L.Ed. 831 (1948); *Fawcus Machine Co. v. United States*, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L.Ed. 397 (1931).

16. During oral argument and in its brief in support of its cross motion for summary judgment, the Government informed the court that the initial period for making a § 754 election may be increased not only if the partnership requests and is granted an extension of time to file its return, Treas. Reg. § 1.754–1(b)(1), but also if the partnership requests and is granted an extension of time to file the election.

sary information and yet, inexplicably, the partnerships did not file elections under § 754 until August 20, 1969. This lapse of six additional months, coupled with the fact that no extension of time to file the partnership returns was ever requested, gives plaintiff's arguments in this case the distinct appearance of afterthought explanations.

On these facts, we do not find appealing plaintiff's argument that the partnerships had insufficient time in which to gather the facts essential to determine whether to elect the optional basis adjustment. In other words, we do not agree with the plaintiff that the regulations are unreasonable as applied to the facts of this case. Rather, we agree with the Government that the elections filed on August 20, 1969, were too late to be effective for the year 1967. For the partnerships to have made a valid § 754 election for the year 1967, the election should have been timely made in the original return or by an amended return filed within the statutory time for filing the original return.[17]

■ We now turn to plaintiff's alternative argument. Plaintiff intimates that it is entitled to use a stepped-up basis in the partnership assets for the year 1970 and all subsequent years because the elections filed on August 20, 1969, were effective as to partnership year 1970 and years thereafter. We also find no merit in this contention.

Section 754 provides that a valid § 754 election shall apply to all distributions of partnership property and to all transfers of partnership interests during the taxable year with respect to which the election was filed and all subsequent years. As applied to the instant case, the written statements filed by the partnerships on August 20, 1969, if valid § 754 elections, would apply for the year 1970 and all years thereafter, unless properly revoked. However, a valid

§ 754 election for the taxable year 1970 does not permit any adjustments to basis resulting from a 1967 transfer of partnership interests occasioned by the death of the decedent partner. As a result, plaintiff is not entitled to use a stepped-up basis in the partnership assets.

### CONCLUSION

For the reasons hereinbefore stated, plaintiff's motion for summary judgment is denied, defendant's cross motion for summary judgment is granted and plaintiff's petition is dismissed.

---

**17.** Cases involving elections under other sections of the Internal Revenue Code have permitted an election to be validly exercised only in an original return or in an amended return filed within the statutory time for filing the original return. *See Pacific Nat'l Co. v. Welch,* 304 U.S. 191, 58 S.Ct. 857, 82 L.Ed. 1282 (1938); *J. E. Riley Investment Co. v. Comm'r,* 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36 (1940); *Haggar Co. v. Helvering,* 308 U.S. 389, 60 S.Ct. 337, 84 L.Ed. 340 (1940), and *Scaife Co. v. Comm'r,* 314 U.S. 459, 62 S.Ct. 338, 86 L.Ed. 339 (1941).