ESTATE OF SARA C. CASSIDY, DECEASED, PAUL H. CASSIDY, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Cassidy v. Commissioner
Docket No. 26713-83.
United States Tax Court
T.C. Memo 1985-37; 1985 Tax Ct. Memo LEXIS 594; 49 T.C.M. (CCH) 580; T.C.M. (RIA) 85037; January 22, 1985
Andrew M. Stephens, for the petitioner. Scott R. Cox, *596 for the respondent. KORNER
*1 MEMORANDUM OPINION KORNER, Judge: Respondent determined a deficiency in Federal estate tax against the Estate of Sara C. Cassidy in the amount of $108,621.71. After concessions, the issue which we must determine is whether the devise in trust of a remainder *2 interest in certain real property, for the benefit of a religious institution, qualifies for the allowance of a deduction from decedent's gross estate under the provisions of section 2055. [1]
The case was submitted to the Court on a completely stipulated set of facts and exhibits, as provided by Rule 122, and said stipulations and exhibits, which are incorporated herein by this reference, form the basis of our findings of fact herein. Petitioner's address at the time of the filing of the petition herein was at Wonderlake, Illinois. Petitioner's decedent, Sara C. Cassidy (hereinafter "decedent"), resided on a farm near Paris, *597 Kentucky, at the time of her death on August 21, 1980. Her Last Will and Testament, dated May 5, 1976, was duly probated in the state courts of Kentucky. Among the various assets of decedent's gross estate, as revealed by the Federal estate tax return duly filed by petitioner herein, was a farm, including decedent's homeplace, of approximately 235 acres, situated in the neighborhood of Paris, Kentucky. The fair market value of this property at the date of decedent's death, was $469,700. Defendant disposed of this property in two ways in her Last Will and Testament: *3 a. Under article SIXTH of her will, decedent devised 10 acres of the tract in fee simple to her son, Paul H. Cassidy, petitioner's executor herein. [2] The treatment of this portion of the tract is not in dispute herein. b. Article EIGHTH of decedent's will disposed of the remainder of the farm property as follows: EIGHTH: I give and devise in trust to my son PAUL H. CASSIDY, in fee simple as trustee, all the farm lands in Bourbon County, Kentucky, which I may own at my death, together with all improvements thereon; and I give and bequeath in trust to the said PAUL H. CASSIDY, as trustee, *598 the farm machinery, implements and rights to any governmental quotas, allotments, subsidies and similar payments due and payable to me at my death as the result of my ownership of these farm lands; and PAUL H. CASSIDY and/or any successor trustee shall hold all of the above solely and strictly pursuant to the following terms: (1) My son PAUL H. CASSIDY during his lifetime shall receive and he shall as trustee pay himself each year five per cent (5%) of the net fair market value of the assets of the trust (with the value determined annually on the first of January) or the amount of the trust income (other than capital gains) whichever is lower. Payments to my son shall be no less than quarterly. (2) If my son should become permanently incapacitated or incompetent then the FIRST SECURITY NATIONAL BANK AND TRUST COMPANY shall replace my son as trustee for his lifetime. *4 (3) After the death of my son PAUL H. CASSIDY the trust corpus shall be held in fee simple and in perpetuity by FIRST SECURITY NATIONAL BANK AND TRUST COMPANY, Lexington, Kentucky, as trustee, for charitable purposes and the total annual income from the trust shall be paid to the *599 EPISCOPAL THEOLOGICAL SEMINARY IN KENTUCKY, 544 Sayre Avenue, Lexington, Kentucky, so long as it remains in existence, to be used only and solely for scholarship grants to seminarians of that seminary. If my son does not survive me then the aforementioned trust for the EPISCOPAL THEOLOGICAL SEMINARY IN KENTUCKY shall come into existence immediately. The amount paid to each seminarian shall be determined by the said EPISCOPAL THEOLOGICAL SEMINARY IN KENTUCKY but in no event shall it be more than necessary for the reasonable support, maintenance and school expenses of the seminarian. If the EPISCOPAL THEOLOGICAL SEMINARY IN KENTUCKY should become permanently defunct and cease operations then the beneficiary of the trust corpus shall be and the annual income shall be paid to the EPISCOPAL DIOCESE OF LEXINGTON, KENTUCKY to be used solely and only for scholarship grants to Kentucky Episcopalians who are seminarians at an Episcopal Theological Seminary. (4) After the demise of my son PAUL H. CASSIDY, the FIRST SECURITY NATIONAL BANK AND TRUST COMPANY, as trustee, may sell the farm lands only twenty-five (25) years after the death of my son PAUL H. CASSIDY. *600 During the lifetime of my son PAUL H. CASSIDY he as the trustee may not sell the farm lands and other assets of the trust. If and when the farm lands are sold by the FIRST SECURITY NATIONAL BANK AND TRUST COMPANY, the proceeds therefrom shall continue in trust strictly as set forth above and shall be invested by the trustee in the highest grade securities. (5) The FIRST SECURITY NATIONAL BANK AND TRUST COMPANY may resign as trustee by giving the beneficiary 30-days written notice and the then beneficiary has the right to appoint as the new trustee a bank or trust company but *5 the latter must have a capital and surplus of not less than one hundred million dollars ($100,000,000). In the Federal estate tax return filed by petitioner, the portion of the farm property passing under article EIGHTH of decedent's will, consisting of about 225 acres, was valued at $125,000. The return claimed a charitable deduction under section 2055 in the amount of $33,489 with respect to the remainder *601 interest in the property which was left in trust for the benefit of the Episcopal Theological Seminary in Kentucky. Upon audit of the Federal estate tax return, respondent, inter alia, disallowed the claimed charitable deduction, on the grounds that such devise did not qualify for deduction under the provisions of section 2055. Petitioner attacks respondent's determination on two independent grounds: a. Petitioner contends that since the devise here in question was of a remainder interest in a farm, it was exempted from the requirements of section 2055(e)(2) as to the form in which such a devise to a charity must be made, and that respondent's estate tax regulation in this respect, section 20.2055-2(e)(2)(iii), is invalid. b. Petitioner further contends that, in any case, the trust here satisfies the requirements of section 2055(e)(2), interpreted in light of the legislative history of that section as well as section 664. *6 Respondent opposes petitioner on both the above grounds, contending that a. The exception of section 2055(e)(2) applies only where the remainder interest in a farm is conveyed to a qualified charity, not in trust, and b. Since the present *602 devise was conveyed in trust, no charitable deduction with respect thereto is allowable, because the trust here does not satisfy the requirements of a charitable remainder unitrust, as prescribed in sections 664 and 2055(e)(2), and as further elaborated in respondent's regulations. We will address each of these points in order. I. There is no issue between the parties in the instant case that the decedent made a valid devise of a remainder interest in a farm property in trust for the benefit of a qualified charity, the value of which would normally qualify as a charitable deduction for Federal estate tax purposes under the general rule of section 2055(a). The question is whether the deductibility of such a devise is defeated in this case by reason of the special *7 restrictions contained in section 2055(e)(2). [3] Simply stated, this subsection denies deductibility, for Federal estate tax purposes, to bequests and devises of remainder interests in property in favor of a charity unless such gifts are made in the form of a charitable remainder annuity trust or a charitable remainder unitrust, as described in section 664, [4] with the proviso, however, that such requirements *603 and restrictions do not apply to "an interest described in section 170(f)(3)(B)." Such interests therein described include "a remainder interest in a personal residence or farm." Section 170(f)(3)(B)(i). *604 *8 Petitioner interprets the above statutory language to mean that where a remainder interest in a farm property is devised to a charity, preceded by an interest to a noncharitable devisee, such remainder interest will qualify for the charitable deduction under section 2055, whether it is made in trust or not in trust, and is not subject in any manner to the restrictions of section 2055(e)(2). Thus, petitioner argues that the devise here in question qualifies for the charitable deduction, even though it was made in a trust which may be neither a charitable remainder annuity trust nor a charitable remainder unitrust. Respondent, on the other hand, relying upon the legislative history of section 2055(e) and section 664, interprets the statutory language to mean that the restrictions of section 2055(e)(2) are not applicable only where the gift of the remainder interest in a residence or a farm is made directly, and not through the use of a trust. Respondent's interpretation *9 is embodied in his regulations, section 20.2055-2(e), Estate Tax Regs. [5]
*605 We are thus called upon to determine which interpretation of the statute is the correct one. In resolving this problem, we and other courts must be guided by several well established principles: *10 (a) In interpreting tax statutes, the literal meaning of the words employed is most important, and such statutes are not to be extended by implication beyond the clear import of the language used. Thus, the Court's first duty is to read the statute in its ordinary and natural sense. United States v. Merriam,263 U.S. 179 (1923); DeGanay v. Lederer,250 U.S. 376 (1919). (b) Where the meaning of the words used in the statute is doubtful, however, it is proper to resort to legislative history as an aid to construction, although such legislative history cannot be used to expand or contract the scope of the statute itself. Penn Mutual Life Insurance Co. v. Lederer,252 U.S. 523 (1920); H.A. Brody Corp. v. United States,197 F. Supp. 918 (S.D. Iowa 1961); Southern California Loan Assn. v. Commissioner,4 B.T.A. 223 (1926). (c) Where a tax statute involves the allowance of a deduction or an *606 exemption, it must be strictly construed. Bingler v. Johnson,394 U.S. 741 (1969); New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). (d) "Treasury regulations must be sustained unless unreasonable and plainly inconsistent with the revenue statutes * * * [T]hey constitute contemporaneous construction by those charged with administration of these statutes which should not be overruled except for weighty reasons." Commissioner v. South Texas Lumber Co.,333 U.S. 496, 501 (1948). *11 Since we find the different interpretations by the parties here to be neither inherently unreasonable nor reconcilable, it is apparent that there is an ambiguity in the statute which justifies resort to the legislative history. Both section 2055(e) and section 664 came into the Internal Revenue Code as part of the Tax Reform Act of 1969, Pub. L. 91-172, 83 Stat. 487. These two sections, together with related sections 170(f), 2106(a) and 2522(c), represented a comprehensive effort by the Congress to enact new provisions governing charitable gifts for income, estate and gift tax purposes. With respect to the provisions here in issue, *607 the report of the Senate Finance Committee on the new tax bill sheds light on the legislative intent. In relevant part, the committee report states: The committee agrees with the House that a taxpayer should not be allowed to obtain a charitable contribution deduction for a gift of a remainder interest in trust to a charity which is substantially in excess of the amount the charity may ultimately receive. To provide a closer correlation between the charitable contributions deduction and the ultimate benefit to charity, the House bill generally provided that a deduction would not be allowed for a gift of a remainder interest in trust to charity unless the gift took a specified form: namely, an annuity trust (under which the income beneficiary is to receive a stated dollar amount annually) or a unitrust (under which the income beneficiary is to receive an annual payment based on a fixed percentage of the trust's assets). Another provision of the bill (see No. 5 above) denied a deduction for an outright gift of a remainder interest to charity except to the extent a deduction would have been allowed if the gift had been in trust. *12 This had the effect of denying a charitable *608 contributions deduction in the case of a nontrust gift of a remainder interest to charity. Although, as indicated above, the committee is in general agreement with the House regarding the need for a closer correlation between the charitable contributions deduction allowed for a gift of a remainder interest to charity and the benefit ultimately received by the charity, the committee believes that the House provision is unduly restrictive. The requirement that a deduction is to be allowed only if the remainder interest given to charity is in the form of an annuity trust or unitrvst could have a significant adverse effect on established forms of charitable giving, such as pooled income fund arrangements, and outright gifts of real property, such as a residence, where the donor reserves a life estate in the property. Since these types of charitable giving cannot be framed in the form of an annuity trust or unitrust, the House provision would deny a deduction for the charitable gift. The committee believes that it is possible to continue to allow a charitable deduction in these types of cases with appropriate limitations, however, to prevent the overstating of the charitable contribution *609 deduction. The committee also believes that the annuity trust and unitrust rules provided by the House bill should be modified to allow greater flexibility in the case of charitable gifts in this form. The committee believes this can be done in such a manner as to prevent the manipulation of the trust assets to the detriment of the charitable remainder interest. * * * Explanation of provision.--For the reasons discussed above, the committee amendments provide limitations (for income tax, gift tax, and estate tax purposes) on the allowance of a charitable contribution deduction for a charitable gift of a remainder interest. As under the House bill, a deduction is to be allowed for a charitable gift of a remainder interest in trust, where there is a noncharitable income beneficiary, if the trust is either a charitable remainder annuity trust or a charitable remainder unitrust. The committee agrees with the House that this requirement will provide a better means of assuring that the amount received by the charity will accord with the charitable deduction allowed to the *13 donor on creation of the trust. This is because the requirement will remove the present incentive *610 to favor the income beneficiary over the remainder beneficiary by means of manipulating the trust's investments. The amount received each year by the income beneficiary, generally, will have to be either a stated dollar amount or a fixed percentage of the value of the trust property. * * * Another additional situation in which the committee amendments allow a charitable contribution deduction for the gift of a remainder interest to charity is in the case of a nontrust gift of a remainder interest in real property to charity. Thus, for example, a charitable contribution deduction is to be allowed where an individual makes a gift of his residence to charity and retains the right to live in the residence for his life. The committee does not believe that this type of situation generally presents the kind of abuse which both the House and the committee believe it appropriate to curtail. [S. Rept. No. 91-552, 91st Cong., 1st Sess. (1969), 1969-3 C.B. 423, 479-480.] We think the above quotations resolve the inherent ambiguity in the statute, and make it clear that it was the intent of Congress that where a remainder interest in a personal residence or farm is given *611 to a charity, such gift must either be made outright (i.e., free of trust) or in a trust which conforms to the requirements of sections 664 and 2055(e)(2). We accordingly find that respondent's regulation, section 20.2055-2(e)(2), is consistent with this interpretation of the statute and is reasonable. On this aspect of the case, respondent's position is accordingly sustained. Ellis First National Bank of Bradenton v. *14 United States,550 F.2d 9 (Ct. Cl. 1977); Estate of Burgess v. Commissioner,T.C. Memo. 1979-80, affd. 622 F.2d 700 (4th Cir. 1980). II. Although not clearly articulated, petitioner's second argument appears to be that the trust herein created by decedent's will should be held to be a qualifying charitable remainder unitrust within the meaning of section 664 and section 2055(e), since it carries out the intention of Congress, as expressed in the legislative history, that the interest ultimately to be received by the charity as remainderman be safeguarded during the preceding life estate. [6]
*612 Respondent, on the other hand, contends that the trust created by decedent's will does not qualify as a charitable remainder unitrust because article EIGHTH of decedent's will, creating the trust, (a) contained provisions prohibiting the trustee from disposing of the trust assets (viz., the farm property) for a period expiring 25 years after the death of the *15 life tenant, in violation of the provisions of section 1.664-1(a)(3), Income Tax Regs.; [7] (b) the will creating the trust contains no provisions concerning the computation of the unitrust amount in the case of short taxable years, as required by section 1.664-3(a)(1)(v)(a), Income Tax Regs.; [8] and (c) the will creating the trust neither prohibits additional contributions to *16 the trust nor provides the prescribed method of valuation if and when additional contributions are made, as required by section 1.664-3(b), Income Tax Regs.[9]
*613 *17 Section 664(a) provides as follows: (a) General rule.--Notwithstanding any other provision of this subchapter, the provisions of this section shall, in accordance with regulations prescribed by the Secretary, apply in the case of a charitable remainder annuity trust and a charitable remainder unitrust. It is clear that the trust created by decedent's will (whose language is quoted in full in our findings of fact) is deficient in all three of the respects pointed out by respondent, since it does not comply with the applicable regulations. Such regulations, promulgated by respondent pursuant to the specific authority of section 664(a), quoted above, are generally referred to as "legislative regulations," and carry a strong presumption of validity, see Boeshore v. Commissioner,78 T.C. 523, 527, n. 5 (1982); Farrel-Birmingham Co. v. United States,121 F. Supp. 636 (Ct. Cl. 1954), mod. on other grounds 125 F. Supp. 297 (Ct. Cl. 1954), and, where consistent with the statute, such regulations should be given the force and effect of law. Kampel v. Commissioner,72 T.C. 827 (1979), affd. 634 F.2d 708 (2d Cir. 1980); *614 Jones v. United States,553 F.2d 667 (Ct. Cl. 1977); see Zillmer v. United States,233 F.2d 912 (7th Cir. 1956). Petitioner here not only does not attack the validity of respondent's regulations, he does not even mention them. Since petitioner does not apparently contend that the applicable regulations under section 664 are invalid, and since we do not find the quoted provisions plainly inconsistent with the law, *18 Commissioner v. South Texas Lumber Co.,supra;Feldman v. Wood,335 F.2d 264 (9th Cir. 1964), we must hold that petitioner has failed to carry its burden of proof in showing that the trust created by decedent's will herein qualifies as a charitable remainder unitrust within the meaning of sections 664 and 2055(e)(2). Welch v. Helvering,290 U.S. 111 (1933). Respondent's determination is accordingly sustained. Due to other adjustments as to which the parties have agreed, Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Rules of Practice and Procedure of the United States Tax Court, unless otherwise noted.↩
2. Although the stipulated facts in this record do not make it clear, some inference may be drawn that this tract included the decedent's homeplace and the curtilage around it.↩
3. As relevant herein, sec. 2055(e)(2) reads as follows: (2) Where an interest in property (other than an interest described in section 170(f)(3)(B)) passes or has passed from the decedent to a person, or for a use, described in subsection (a), and an interest (other than an interest which is extinguished upon the decedent's death) in the same property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to a person, or for a use, not described in subsection (a), no deduction shall be allowed under this section for the interest which passes or has passed to the person, or for the use, described in subsection (a) unless-- (A) in the case of a remainder interest, such interest is in a trust which is a charitable remainder annuity trust or a charitable remainder unitrust (described in section 664) or a pooled income fund (described in section 642(c)(5)), or * * * ↩
4. Certain further exceptions contained in sec. 2055(e)(2) are not relevant herein.↩
5. As relevant herein, the applicable regulation provides as follows: (e) Limitation applicable to decedents dying after December 31, 1969--(1) Disallowance of deduction.--(i) In general, in the case of decedents dying after December 31, 1969, where an interest in property passes or has passed from the decedent for charitable purposes and an interest (other than an interest which is extinguished upon the decedent's death) in the same property passes or has passed from the decedent for private purposes (or less than an adequate and full consideration in money or money's worth) after October 9, 1969, no deduction is allowed under section 2055 for the value of the interest which passes or has passed for charitable purposes unless the interest in property is a deductible interest described in subparagraph (2) of this paragraph. * * * (2) Deductible interests. A deductible interest for purposes of subparagraph (1) of this paragraph is a charitable interest in property where-- * * * (ii) Remainder interest in personal residence. The charitable interest is a remainder interest, not in trust, in a personal residence. Thus, for example, if the decedent devises to charity a remainder interest in a personal residence and bequeaths to his surviving spouse a life estate in such property, the value of the remainder interest is deductible under section 2055. * * * (iii) Remainder interest in a farm. The charitable interest is a remainder interest, not in trust, in a farm. Thus, for example, if the decedent devises to charity a remainder interest in a farm and bequeaths to his daughter a life estate in such property, the value of the remainder interest is deductible under section 2055. * * *↩
6. Petitioner makes no claim that the trust created by decedent's will would qualify as a charitable remainder annuity trust.↩
7. Sec. 1.664-1(a)(3), Income Tax Regs., reads in pertinent part as follows: (3) Restrictions on investments. A trust is not a charitable remainder trust if the provisions of the trust include a provision which restricts the trustee from investing the trust assets in a manner which could result in the annual realization of a reasonable amount of income or gain from the sale or disposition of trust assets. * * * ↩
8. The cited subsection of the regulation reads as follows: (v) Computation of unitrust amount in certain circumstances--(a) Short taxable years. The governing instrument provides that, in the case of a taxable year which is for a period of less than 12 months other than the taxable year in which occurs the end of the period specified in subparagraph (5) of this paragraph: (1) The amount determined under subdivision (i)(a) of this subparagraph shall be the amount otherwise determined under that subdivision multiplied by a fraction the numerator of which is the number of days in the taxable year of the trust and the denominator of which is 365 (366 if February 29 is a day included in the numerator), (2) The amount determined under subdivision (i)(b) of this subparagraph shall be computed by using the amount determined under subdivision (a)(1) of this subdivision (v), and (3) If no valuation date occurs before the end of the taxable year of the trust, the trust assets shall be valued as of the last day of the taxable year of the trust. * * * ↩
9. The cited subsection of the regulation provides in relevant part as follows: (b) Additional contributions. A trust is not a charitable remainder unitrust unless its governing instrument either prohibits additional contributions to the trust after the initial contribution or provides that for the taxable year of the trust in which the additional contribution is made: (1) Where no valuation date occurs after the time of the contribution and during the taxable year in which the contribution is made, the additional property shall be valued as of the time of contribution; and (2) The amount described in paragraph (a)(1)(i)(a) of this section shall be computed by multiplying the fixed percentage by the sum of (i) the net fair market value of the trust assets (excluding the value of the additional property and any earned income from and any appreciation on such property after its contribution), and (ii) that proportion of the value of the additional property (that was excluded under subdivision (i) of this paragraph), which the number of days in the period which begins with the date of contribution and ends with the earlier of the last day of such taxable year or the last day of the period described in paragraph (a)(5) of this section bears to the number of days in the period which begins with the first day of such taxable year and ends with the earlier of the last day of such taxable year or the last day of the period prescribed in paragraph (a)(5) of this section. For purposes of this section, all property passing to a charitable remainder unitrust by reason of death of the grantor shall be considered one contribution. * * *↩